IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stewart R. Buchanan, also known as Daphne Renee' Stewart, | ) ) ) | C/A No.: 1:21-385-DCN-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| JumpStart South Carolina; Michael Scharff, Chairman, Bd. Of Dir., JumpStart South Carolina; Daniel Sulton, Vice-Chairman, Bd. Of Dir., JumpStart South Carolina; Bob Caldwell; Sharon McDowell; Chris Phillips; Chuck Fields; Tommy Holt; Mike Kiriakides; Chris Urban; Tommy Moore; Carey Sanders; David Johnson; NFN Beard; Bryan Stirling; Larry Epps; Charles Williams; and Willie Davis, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

Stewart R. Buchanan, also known as Daphne Renee' Stewart ("Plaintiff"), proceeding pro se and in forma pauperis, filed this suit on February 5, 2021, against JumpStart South Carolina ("JumpStart") and multiple members of that organization (collectively "JumpStart Defendants"). Plaintiff additionally brings suit against the following employees of the South Carolina Department of Corrections ("SCDC"): Bryan Stirling, Larry Epps, Charles Williams, and Willie Davis (collectively "SCDC Defendants").

This matter comes before the court on Plaintiff's motion in limine and motion to strike. [ECF Nos. 42, 43]. SCDC Defendants have filed an opposition to Plaintiff's motion to strike [ECF No. 47] and both SCDC Defendants and JumpStart Defendants have filed oppositions to Plaintiff's motion in limine. [ECF Nos. 48, 49].

Turning first to Plaintiff's motion in limine, Plaintiff argues the court should prevent the introduction of evidence that "has never been presented during the agency grievance process or before the South Carolina Administrative Law Court," in particular regarding an email that is now in Plaintiff's possession due to the discovery process. [ECF No. 42 at 1]. Plaintiff argues that because the referenced email, and the facts contained within, were never presented during the agency grievance process or to the administrative law court, presentation now is judicially estopped. *See id.* at 3 (citing *Martineau v. Wier*, 934 F.3d 385, 393 (4th Cir. 2019) ("Typically, judicial estoppel is reserved for cases where the party to be estopped . . . has taken a later position that is 'clearly inconsistent' with her earlier one; has persuaded a court to adopt the earlier position, creating a perception that 'either the first or the second court was misled'; and would 'derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'")).

Plaintiff's motion is denied. First, the court has insufficient information before it to conclude that judicial estoppel applies where there is no indication that SCDC Defendants or JumpStart Defendants intentionally mislead a court.[1] *See, e.g., John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995) ("Even so, courts must apply the doctrine with caution. The 'determinative factor' in the application of judicial estoppel is whether the party who is alleged to be estopped 'intentionally misled the court to gain unfair advantage.' The vice which judicial estoppel prevents is the cold manipulation of the courts to the detriment of the public interest. It is inappropriate, therefore, to apply the doctrine when a party's prior position was based on inadvertence or mistake.") (citations omitted)).

Second, this case is not at the appropriate stage for motions in limine to be determined. *See, e.g., Newkirk v. Enzor*, C/A No. 2:13-1634-RMG, 2017 WL 823553, at *2 (D.S.C. 2017) ("The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider.") (citations omitted)).

Turning to Plaintiff's motion to strike, Plaintiff requests the court to strike certain portions of SCDC Defendants' answer for the same reasons

---

[1] JumpStart Defendants further represent that they were not involved in any administrative law proceedings. [ECF No. 49 at 3].

offered in the motion in limine. However, as argued by SCDC Defendants, Plaintiff's specific requests to strike do not include information inconsistent with the information provided by these defendants in prior proceedings. Instead, the information sought to be struck are either denials or affirmative defenses SCDC Defendants were required to make under the Fed. R. Civ. P. [*See* ECF No. 43].[2]

For the foregoing reasons, the undersigned denies Plaintiff's motion in limine [ECF No. 42] and motion to strike [ECF No. 43].

IT IS SO ORDERED.

July 13, 2021  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

---

[2] SCDC Defendants further note that the referenced administrative proceedings dismissed Plaintiff's claim on a motion to dismiss filed by SCDC and "the matters before the court were matters of law rather than matters of fact" and "the decision was based on the applicable law and not on any specific facts." [ECF No. 47 at 2].

4