**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| STEWART R. BUCHANAN a/k/a ) <br> DAPHNE RENEE' STEWART, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JUMPSTART SOUTH CAROLINA; ) <br> MICHAEL SCHARFF, DANIEL ) <br> SULTON, BOB CALDWELL, SHARON ) <br> MCDOWELL, CHRIS PHILLIPS, CHUCK ) <br> FIELDS, TOMMY HOLT, MIKE ) <br> KIRIAKIDES, CHRIS URBAN, TOMMY ) <br> MOORE, and CASEY SANDERS, *all in* ) <br> *their official and individual capacities*; and ) <br> DAVID JOHNSON, NFN BEARD, ) <br> BRYAN STIRLING, LARRY EPPS, ) <br> CHARLES WILLIAMS, and WILLIE ) <br> DAVIS, *all in their individual capacities*, ) <br> ) <br> Defendants. ) <br> ) | No. 1:21-cv-00385-DCN-SVH <br><br> **ORDER** |

This matter is before the court on Magistrate Judge Shiva V. Hodges's report and recommendation ("R&R"), ECF No. 44, that the court deny the JumpStart defendants'[1] motion to dismiss, ECF No. 21, and deny plaintiff Stewart R. Buchanan a/k/a Daphne

---

[1] The "JumpStart defendants" collectively refer to defendants JumpStart South Carolina ("JumpStart"); Michael Scharff ("Scharff"), Daniel Sulton ("Sulton"), Bob Caldwell ("Caldwell"), Sharon McDowell ("McDowell"), Chris Phillips ("Phillips"), Chuck Fields ("Fields"), Tommy Holt ("Holt"), Mike Kiriakides ("Kiriakides"), Chris Urban ("Urban"), Tommy Moore ("Moore"), and Casey Sanders ("Sanders"), all in their official and individual capacities; and David Johnson ("Johnson") and NFN Beard (also referred to as "Dr. John Beard"; hereinafter, "Beard"), both in their individual capacities.

1

Renee' Stewart's ("Buchanan")[2] motion for default judgment, ECF No. 29.  For the reasons set forth below, the court adopts the R&R and denies both motions.

## I.  BACKGROUND

The R&R ably sets forth the facts and procedural history of this case, and the parties do not object to the R&R's rendition of those facts.  Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review.

Buchanan is an inmate of the South Carolina Department of Corrections at Perry Correctional Institution ("PCI").  According to Buchanan, defendant Bryan Stirling ("Stirling") and the individual JumpStart defendants helped create a prison program called JumpStart that uses "state resources to offer inmates state-assisted employment opportunities and state-assisted low-rent housing opportunities as a re-entry plan for the inmates' release."  ECF No. 1-1, Compl. ¶ 29.  To participate in the JumpStart program at PCI, an inmate must pass "a rigorous, forty (40) week, Christian religious character litmus test called the 'JumpStart Re-Entry Assessments.'"  Id.  Through the development by the JumpStart defendants and the approval of Stirling and defendant Larry Epps ("Epps"), the JumpStart Re-Entry Assessments applied five tenets of Christian theology to "score[ and] assess an inmate's suitability to receive state-assisted re-entry assistance."  Id. ¶ 30.

---

[2] The court identifies Buchanan as so because he filed the complaint as "Stewart R. Buchanan," and likewise, the court follows Buchanan in referring to himself using male pronouns, see, e.g., ECF No. 1-1, Compl. ¶ 48 ("Plaintiff alleges that [the statutes] were created for his benefit . . . .").

On January 24, 2018,[3] Epps—the senior chaplain at PCI—approved Buchanan to participate in the JumpStart cohort at PCI (the "Perry cohort"). On October 24, 2018, Buchanan graduated from the program at the top of his class, and immediately thereafter, Epps employed Stewart as a coach in the Perry cohort. According to Buchanan, his job performance exceeded minimum requirements and he continued to gain added responsibilities until Epps learned that Buchanan openly lived as transgendered from 2004 to 2008. Epps subsequently banned Buchanan from using the PCI chaplaincy offices and equipment.

On May 13, 2019, Epps, Johnson, and Beard discharged Buchanan from his employment with the Perry cohort and constructively denied him state-assisted employment and state-assisted housing opportunities with JumpStart. On December 10, 2019, Buchanan sent a letter to Sanders—JumpStart's executive director—requesting reversal of the decision. Sanders denied the request on January 8, 2020. On March 27, 2020, Buchanan notified the members of the JumpStart board of directors—Scharff, Sulton, Caldwell, McDowell, Phillips, Fields, Holt, Kiriakides, Urban, and Moore (collectively, the "JumpStart Board defendants")—of the adverse action taken against him and warned them of potential "legal remuneration." Id. ¶ 46. The JumpStart Board defendants did not respond.

On February 5, 2021, Buchanan, proceeding pro se, filed the instant action against the JumpStart defendants, Stirling, Epps, defendant Charles Williams, and defendant Willie Davis. Compl. Buchanan's complaint alleges (1) conspiracy to violate his civil

---

[3] The complaint states this date was in 2019, but as the R&R observes, this was likely in error. See ECF No. 44 at 6.

3

rights in violation of 42 U.S.C. §§ 1985 and 1986; (2) violations of his First and Fourteenth Amendment rights under 42 U.S.C. § 1983; (3) violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII"); (4) violation of the Fair Housing Act under Title VII, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq.; and (5) violations of South Carolina statutory and constitutional law. Id. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C), all pretrial proceedings in this case were referred to Magistrate Judge Hodges.

On April 7, 2021, the JumpStart defendants filed their motion to dismiss. ECF No. 21. Buchanan responded in opposition on June 10, 2021, ECF No. 40, and the JumpStart defendants replied on June 17, 2021, ECF No. 41. On April 19, 2021, Buchanan filed his motion for default judgment. ECF No. 29. The JumpStart defendants responded in opposition on April 30, 2021, ECF No. 33, and Buchanan replied on May 10, 2021, ECF No. 34. On June 9, 2021, Magistrate Judge Hodges issued the R&R, recommending that the court deny the motion to dismiss and deny the motion for default judgment. ECF No. 44. On July 9, 2021, Buchanan filed his objections to the R&R. ECF No. 50. The JumpStart Defendants did not respond to Buchanan's objections or object to the R&R, and the time to do both has now expired. As such, the matter is now ripe for the court's review.

## II. STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of

4

the Magistrate Judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made.  Id.  However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).  Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings."  Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted).  When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted).  Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in a magistrate judge's proposed findings.  Id.

     A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability

5

of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Plaintiff is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970, 99 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

## III.  DISCUSSION

The magistrate judge recommended that the court deny the JumpStart defendants' motion to dismiss, and in doing so, it rejected the JumpStart defendants' argument that the claims should be dismissed because they are not state actors.  Specifically, the JumpStart defendants argued that all the causes of action asserted against them were premised on 42 U.S.C. §§ 1983, 1985, and 1986 and thus required that a person acting under the color of state law committed the violation.  The JumpStart defendants did not file objections to the R&R, and accordingly, the court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (internal quotations and citation omitted).  After reviewing the record in this case, the applicable law, and the R&R, the court finds no clear error in the R&R's finding that Buchanan has plausibly shown, at this early stage, that the JumpStart defendants were private parties who either were serving as state actors or had been delegated statutory government authority.  The court therefore adopts the R&R in this respect.

The magistrate judge further recommended that the court deny Buchanan's motion for default judgment.  Buchanan "moved for default judgment as to the JumpStart [d]efendants in their individual capacities, except as to Moore, who personally accepted service of the pleadings on behalf of the JumpStart [d]efendants and was therefore served in his individual capacity."  ECF No. 44 at 21.  The R&R rejected Buchanan's argument that the JumpStart defendants only filed appearances in their official capacities and that default judgment was thus warranted.  Instead, the R&R determined that (1) Buchanan had failed to properly serve the JumpStart defendants—apart from Moore—in their

individual capacities and (2) Buchanan had failed to plead that the JumpStart Board defendants "personally participated in the deprivation of [Buchanan's] rights. Id. at 24. As a result, the R&R recommended the dismissal of the JumpStart Board defendants[4]— Scharf, Sulton, Caldwell, McDowell, Phillips, Fields, Holt, Kiriakides, and Urban—in their individual capacities. Although Buchanan had similarly failed to properly serve Sanders, Johnson, and Beard in their individual capacities, the R&R recommended that the court allow those claims to continue, pending receipt of those defendants' last known addresses via secure communication and service by the United States Marshals Service. Counsel for Sanders, Johnson, and Beard filed an acknowledgement and acceptance of service on June 30, 2021. ECF No. 46.

Buchanan raises a single objection to the R&R, arguing that it was "a factual error for the Magistrate Judge to conclude 'Plaintiff has failed to allege Scharff, Sulton, Caldwell[,] McDowell, Phillips, Fields, Holt, Kiriakides, or Urban personally participated in the deprivation of his rights.[']" ECF No. 50 at 1. In support, Buchanan reasserts several of his factual allegations and states that he "respectfully disagrees with the Magistrate and asserts he believes the facts alleged in his Complaint sufficiently state claim for relief" against the JumpStart Board defendants in their individual capacities. Id. at 4. However, the R&R did not ignore those factual allegations; rather it determined that those facts failed to give rise to any plausible claims against the JumpStart Board defendants based on their personal actions, or lack thereof. Accordingly, the court adopts the R&R based on its application of the law and the analysis further set forth below.

---

[4] With the exception of Moore, who appeared in this case in both his individual and official capacities. ECF No. 44 at 24 n.24.

The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Mere knowledge is not sufficient to establish personal participation." Herbert v. Treaster, 2014 WL 1093050, at *3 (D.S.C. Mar. 18, 2014) (citing Iqbal, 556 U.S. at 677). Buchanan has failed to allege any facts showing personal involvement by the JumpStart Board defendants in connection with any alleged constitutional violations. Although Buchanan claims that the complaint alleged the JumpStart defendants, including the JumpStart Board defendants, created hostile employment and housing environments via the JumpStart program, the only specific allegations against the JumpStart Board defendants related to their knowledge of alleged violations committed by Sanderson, Johnson, and Beard. As such, the R&R did not err in dismissing the claims against the JumpStart defendants in their individual capacities.

In the objection to the R&R, Buchanan cites a case, McCall v. Williams, 52 F. Supp. 2d 611 (D.S.C. 1999), that sets out the elements necessary to establish a § 1983 claim under supervisory liability. ECF No. 50 at 3–4. The complaint did not plead supervisory liability, and Buchanan did not raise the issue in either his motion for default judgment or reply thereto. As such, the R&R did not address supervisory liability. For Buchanan's benefit, however, the court will consider the issue here.

The "doctrine of respondeat superior has no applicability to § 1983 claims." Harbeck v. Smith, 814 F. Supp. 2d 608, 626 (E.D. Va. 2011) (citing Love-Lane v.

9

Martin, 355 F.3d 766, 782 (4th Cir. 2004)).  "Given that limitation, supervisors can be held liable 'in their individual capacities only for their personal wrongdoing or supervisory actions that violated constitutional norms.'" Id. at 626–27 (quoting Clark v. Md. Dep't of Pub. Safety & Corr. Servs., 316 F. App'x 279, 282 (4th Cir. 2009)).  In order to establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices [ ]; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)).

Buchanan does not present any argument discussing how each element of the test is met.  Rather, Buchanan reproduces the appellate brief that he filed in the South Carolina administrative law court and points to his claim therein that "[w]hen [Epps], [Sanders], [Johnson,] and [Beard] acted against Stewart, they were doing what was expected of them by their superiors." ECF No. 50 at 3.  Even if the court were to consider the filing as a matter of public record,[5] the claims therein cannot simply be imputed to Buchanan's complaint in this action.  As a whole, Buchanan has failed to allege supervisory liability of the JumpStart Board defendants as a matter of law.

Under the first element of supervisory liability, "[e]stablishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least

---

[5] See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239-40 (4th Cir. 1989) (recognizing the propriety of judicially noticing state court records on motion to dismiss).

has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." Shaw, 13 F.3d at 799 (citations omitted). Read in the light most favorable to Buchanan, the complaint sufficiently alleges that the JumpStart program created an employment and housing environment that was generally "hostile toward transgender individuals." Compl. ¶ 31.

The second element requires the plaintiff to show "deliberate indifference to or tacit authorization of the alleged offensive practices." Baynard, 268 F.3d at 235. A plaintiff may establish deliberate indifference by "demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses,'" but deliberate indifference cannot be established by "pointing to a single incident or isolated incidents." Shaw, 13 F.3d at 799 (citations omitted). Holding a supervisor liable under a tacit authorization theory requires pleading sufficient facts to support an inference that the "supervisor fail[ed] to take action in response to a known pattern of comparable conduct occurring before the incident at issue took place." Danser v. Stansberry, 772 F.3d 340, 350 (4th Cir. 2014) (citation omitted). Even when viewed in the light most favorable to Buchanan, Buchanan has failed to demonstrate either deliberate indifference or tacit authorization as the complaint only asserts that Buchanan provided notice of the allegedly discriminatory practices to the JumpStart Board defendants on one occasion.

Finally, the third element requires a showing of causation, which a plaintiff can make by demonstrating "an 'affirmative causal link' between the supervisor's inaction and the harm suffered by the plaintiff." Id. (citation omitted). "This concept encompasses cause in fact and proximate cause . . . [and] may be supplied by [the] tort principle that holds a person liable for the natural consequences of his [or her] actions."

Id. (quoting Slakan v. Porter, 737 F.2d 368, 376 (4th Cir. 1984)).  Even the assertion that Epps, Sanders, Johnson, and Beard were acting to fulfill the expectations of their superiors fails to plead with any specificity how the JumpStart Board defendants affirmatively caused the harm.  To the extent that Buchanan relies on his allegation that they used state resources to create a hostile argument, such an argument is not sufficient to show that they affirmatively caused the harm necessary to support a supervisory liability claim.  However, the allegation is sufficient to bring an action against the JumpStart defendants, including the JumpStart Board defendants, in their official capacities for civil rights violations under 42 U.S.C. §§ 1983, 1985 and 1986, and indeed, those claims remain pending following the court's denial of the JumpStart defendants' motion to dismiss.  As such, the law supports the R&R's determination that the claims against Scharf, Sulton, Caldwell, McDowell, Phillips, Fields, Holt, Kiriakides, and Urban in their individual capacities should be dismissed[6] due to ineffective service and failure to state a valid claim.

---

[6] Although Buchanan does not raise this issue, the court notes it may sua sponte dismiss these claims, even though this disposition arises from Buchanan's motion for default judgment and not the JumpStart defendants' motion to dismiss.  The R&R recommended dismissal of these claims, so, at the very least, Buchanan had the notice and opportunity to respond in the form of his objection to the R&R.  Indeed, Buchanan "had every incentive to argue this point fully" in his motion for default judgment as well. See Robertson v. Anderson Mill Elementary Sch., 989 F.3d 282, 291 (4th Cir. 2021) (affirming sua sponte dismissal of the plaintiff's constitutional claim against the school district in part because it had every incentive to litigate the issue when attempting to establish a viable claim against the school principal).

## IV. CONCLUSION

For the foregoing reasons the court **ADOPTS** the Magistrate Judge's R&R and **DENIES** the JumpStart defendant's motion to dismiss and **DENIES** Buchanan's motion for default judgment in accordance with this order.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 14, 2022**
**Charleston, South Carolina**